IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

USA UP STAR, LLC,
    Plaintiff,

        v.                                  Civil No. 1:23cv1234 (DJN)

SANFORD FEDERAL, INC.,
*d/b/a* FAR GROUP,
    Defendant.

**MEMORANDUM ORDER**
**(Denying Motion to Compel)**

This matter comes before the Court on the parties' Joint Discovery Motion.  (ECF No. 33.)  Plaintiff USA Up Star, LLC ("UUS"), moves to compel corporate representatives of Defendant Sanford Federal, Inc. ("Sanford Federal") to appear for a Rule 30(b)(6) deposition in person at the offices of UUS's counsel in Reston, Virginia, notwithstanding that those corporate representatives reside and work nearly 4,000 miles away in the Kingdom of Morocco.  At the same time, Sanford Federal moves for a protective order limiting the topics for that deposition. For the reasons that follow, the Court hereby DENIES UUS's motion to compel, ORDERS Sanford Federal's Moroccan representatives to be deposed virtually and DENIES Sanford Federal's motion for a protective order.

To begin with, the Court declines to compel Sanford Federal's corporate representatives to travel overseas on short notice for limited gain.  Although UUS correctly notes that depositions of foreign corporations' representatives typically take place at that foreign corporation's principal place of business, that principle has no application here.  *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471–72 (E.D. Va. 2010) (Ellis, J.).  The rule UUS cites

only exists out of "respect[]" for a "defendant's preference for a situs for his or her deposition

near his or her place of residence." *Id.* at 471. Here, Sanford Federal emphatically does not seek

a deposition near its headquarters; instead, it wishes for its corporate representatives to be

"deposed near their place of residence" in Morocco. *Id.* Thus, *In re Outsidewall*, UUS's only

cited case, proves disanalogous and cannot resolve this dispute. Instead, the Court finds that the

speedy resolution of this action and the convenience of all parties will be best served by a virtual

deposition of Sanford Federal's Moroccan representatives.

      The Court expects counsel to resolve any remaining disputes about the scope of Sanford

Federal's Rule 30(b)(6) deposition among themselves in light of the foregoing ruling. The Court

declines to award either party attorneys' fees pursuant to Local Rule 37(G), and the Court warns

the parties that any further discovery disputes will result in the appointment of a special master

pursuant to Rule 53(a)(1)(C), with costs to be shared between the parties. Accordingly, the Court

hereby DENIES the parties' Joint Motion to Compel (ECF No. 33).

      Let the Clerk file a copy of this Order electronically and notify all counsel of record.

      It is so ORDERED.

                             /s/
                      David J. Novak
                      United States District Judge

Richmond, Virginia
Date: April 11, 2024